UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
**BOB KEENAN, et al.,**                )
  *Plaintiffs*                   )
                                       )
                                       )
                                       )
v.                                     )   Civil Action No. 1:15-cv-01440
                                       )
                                       )
                                       )
**NORMAN C. BAY, et al.,**             )
  *Defendants*                   )
_____ )

**ORDER**

    Before this Court is the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. Upon consideration of the motion, the hearing before this Court held on this date and the entire record herein, Plaintiffs' motion is denied for the reasons set forth below.

    A preliminary injunction is "an extraordinary remedy that may only be awarded on a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest." *Gordon v. Holder*, 632 F.3d 722, 723 (D.C. Cir. 2011). Plaintiffs have failed to make such showing. [1]

---

[1] Defendants argued at the hearing that this Court lacks subject matter jurisdiction in this case. The Court declines to address such arguments here given the complex nature of this case and the short time frame within which to rule on this Motion.

Plaintiffs have failed to show a likelihood of success on the merits. The primary argument raised with any degree of specificity by Plaintiffs' Complaint[2] is that Defendant Federal Energy Regulatory Commission ("FERC") failed in its statutory duty to provide notice and hearing regarding the scheduled transfer tomorrow, September 5, 2015, of the Kerr Hydroelectric Project to the Confederated Salish Kootenai Tribes of the Flathead Reservation ("CSKT") or ("Tribe") pursuant to a 1985 settlement between the Government and CSKT. Specifically, Plaintiffs attack the lack of a public hearing regarding the transfer of the Kerr Project license to Energy Keepers, Inc. a wholly-owned Tribe subsidiary and the designation of CSKT and EKI as co-licensees. Plaintiffs have failed, however, to meet their burden to demonstrate that FERC was obligated to provide a public hearing for the Kerr license transfer. Plaintiffs base their claim on Section 5 of the Administrative Procedure Act, 5 U.S.C. § 554. That Section, however, does not grant Plaintiffs an unqualified right to a public hearing. Rather, Section 544 imposes on FERC a duty to hold a full hearing only where "disputed issues may not be resolved through an examination of written submissions." *State of Wisconsin v. Fed. Energy Regulatory Comm.*, 104 F.3d 462, 467–68 (D.C. Cir. 1997). In this case, FERC issued a public notice of CSKT and EKI's application for transfer on April 28, 2015 giving until May 28, 2015 for the submission of comments, motions to intervene, and protests. Plaintiffs' Ex. 29. Neither in their pleadings nor at hearing have Plaintiffs been able to point to a single issue of material fact regarding the transfer of the Kerr license to EKI and CSKT that they properly raised by their papers that could not be resolved on the record. Indeed, in their written submissions to FERC, Plaintiffs failed to raise any fact or point to any evidence in the application for transfer that would materially call into question EKI's suitability to serve as licensee. Rather, Plaintiffs limited their submissions to issues pertaining to EKI's commitment to

---

[2] Filed not a full day ago, spanning sixty pages, and including exhibits totaling hundreds of pages.

adhere to state law, and requested that EKI disclose information regarding financial transactions and operational issues such as lake levels and emergency operations. Plaintiffs' Ex. 29. These requests fail to raise any material question as to EKI's suitability for licensee status. In sum, Plaintiffs failed to meet their burden, on the written record, demonstrating an entitlement to a public hearing on the Kerr transfer, which, as a result, precludes a finding that they are likely to succeed on the merits.[3]

Plaintiffs have also failed to adduce any evidence that they are likely to suffer irreparable harm should the Kerr license be transferred to CSKT and EKI. In their Motion, Plaintiffs make general claims of economic harm they will allegedly suffer should CSKT and EKI take control of the Kerr dam. Additionally, Plaintiffs make general allegations regarding the natural security importance of the Kerr Project, as well as somewhat perplexing arguments regarding the Turkish Government's involvement with Native Americans. However, to the extent such injuries are cognizable, nowhere are those allegations substantiated in the record. Indeed, at hearing, counsel for Plaintiffs conceded that no such evidence has been submitted relating to the Plaintiffs' alleged economic harm. Accordingly, Plaintiffs have failed to meet their burden here.[4]

Moreover, that the Plaintiffs have waited until the eve of the transfer counsels against the granting of an emergency injunction. "[A]n unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm." *Open Top Sightseeing USA v. Mr. Sightseeing LLC*, 48 F. Supp. 3d 87, 91 (D.D.C. 2014) (quoting *Newdow v. Bush*, 355 F. Supp. 2d 265 (D.D.C. 2005). The Plaintiffs have been aware of

---

[3] Plaintiffs raise a number of issues concerning the 1985 settlement and a number of decisions made in 2014 or earlier. But, as discussed *infra*, such issues are not properly raised in an emergency motion on the eve of transfer so many months or years after the fact.

[4] Although a deprivation of due process may constitute irreparable harm, as set forth above, Plaintiffs have failed to show that they would likely succeed on such a claim.

the eventual transfer of the Kerr license on this date for over a year, as evidenced by CSKT's March 5, 2014 "Notice of Conveyance" setting September 5, 2015 as the date to transfer the license. Plaintiffs' Ex. 14. Such delay strongly counsels against granting this Motion.[5]

Further Plaintiffs have failed to show that the equities tip in their favor. In claiming that the balance of equities tilts in their favor, Plaintiffs once again make general, unsupported allusions to "irreparable economic injury" that will result should this Court fail to grant their Motion. Plaintiffs' Mem. in Supp. 29. To the extent such injury is cognizable here, the Plaintiffs have once again failed to submit any evidence to this Court substantiating their claims. As a result, this Court cannot conclude that the equities tilt in Plaintiffs' favor. To the contrary, the equities tilt in the favor of concluding that a transfer of the dam to the Tribe in accordance with a plan that has been in place since 1985 and to which Plaintiffs failed to challenge in court until the eve of transfer.

Lastly, the Plaintiffs claim that the granting of this Motion is "the only available remedy at law or equity to ensure that a public evaluation takes place" prior to the Kerr transfer. Plaintiffs' Mem. Supp. 30. Such evaluation, they claim, serves the public interest. As noted above, Plaintiffs were provided opportunity to raise their concerns regarding this transfer via written submission—and did so. This Court cannot conclude that granting a motion for a temporary restraining order filed at this late date, on the eve of a transfer scheduled over one year ago, would serve the public interest.

---

[5] Furthermore, the Government represented at the hearing that the transfer of operational authority has already occurred at the dam. Thus, any proposed harm purported to result from the Tribe's operation of the dam has already taken place. As a result, if these actions must be reversed on the merits, such reversal will need to take place regardless of whether an injunction is issued today, or at some other point in the future. If accurate, this would further negate the need for emergency action on this date.

It is hereby ORDERED that Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

SO ORDERED

Signed by Rudolph Contreras, United States District Judge, September 4, 2015.